ANDREAS MALYNAK, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

Upon the review of a conviction of murder, under the one hundred and sixty-third chapter of the laws of 1894, the inquiry, among other questions, was whether the defendant below suffered manifest wrong and injury upon the evidence adduced upon the trial, and it appeared that, in behalf of the state, no objection thereto being interposed in behalf of the defendant below, several questions were put to experts for the purpose of obtaining their opinions as to the sanity of the defendant, predicated, not upon assumed facts, but upon evidence the experts had heard in court in course of the trial, which questions were answered. *Held*, that the questions and answers do not manifest that the plaintiff in error suffered wrong and injury upon the evidence adduced upon the trial.

[*Argued March 11th*, 1898; *decided March 21st*, 1898.]

On error to the Essex county Court of Oyer and Terminer.

For the plaintiff in error, *Edwin G. Adams*.

For the state, *Elvin W. Crane*, prosecutor of the pleas.

The opinion of the court was delivered by

THE CHANCELLOR.   The plaintiff in error having been convicted at the Essex county Court of Oyer and Terminer of murder in the first degree, committed by his killing one Annie Kmetz, on the 22d of July, 1897, has brought the entire record of the proceedings at the trial, including the

evidence there adduced, for review under the one hundred and sixty-third chapter of the laws of 1894. *Pamph. L., p.* 246; *Gen. Stat., p.* 1154, § 170. That statute provides that "if it appears from such record that the plaintiff in error, on the trial below, suffered manifest wrong and injury, whether by the rejection of testimony, or in the charge made to the jury, or in the denial of any matter by such court which was a matter of discretion, or upon the evidence adduced upon the trial, the appellate court shall remedy such wrong or injury and give judgment accordingly and order a new trial."

It is urged on behalf of the plaintiff in error that he appears to have suffered manifest wrong and injury on the trial below, from the bases upon which the testimony of three physicians, examined by the state as experts, was allowed to rest. The witnesses were not called to express opinion upon a hypothetical state of facts, but each was referred to his remembrance of portions of the evidence in the case heard by him, and was asked, upon that, to express opinion whether the plaintiff in error, at the time of the killing, was capable of distinguishing between right and wrong with respect to the act he was then doing.

This method of examination, which was pursued without objection from the defendant below, of necessity called upon the witnesses respectively to deduce facts from evidence that was before the jury for the purpose of enabling them to reach their verdict. It is plain that the method would be valueless in a case where the testimony is conflicting or is of such character as to be susceptible of more than one interpretation, and hence affords room for different deductions of fact, and where the expert does not make known his findings of fact, because it would be impossible for the jury to give weight to the opinion, for they could not know whether or not it would be applicable to the facts as they find them. In such case the juror of thoughtful mind would reject the opinion as valueless, and the question and answer would not work wrong and injury to the defendant.

We do not now pass upon the admissibility of a question which calls upon the expert to state the facts he finds. Such a question is subject to criticism outside of its bearing upon the opinion of the expert. In the present case the experts did not state their findings of fact.

Our inquiry is whether manifest wrong and injury to the plaintiff in error appears, and in that inquiry we deem that the assumption, in absence of circumstances that forbid it, must be that the jurors were thoughtful men, and if they concluded that the evidence to which the opinions of the experts were referred admitted of the finding of more than one state of facts, that they regarded the opinion, in absence of an exact predicate, as unreliable. In this inquiry we seek wrong and injury that clearly appears and not that which may be possible. Error and wrong are not apparent where the action questioned is as likely to be right as wrong.

The rule would be otherwise if counsel for the plaintiff in error had objected to the questions below, and had duly excepted to their admission, and had brought here the bill of exceptions, for in such case the fact that they and the answers to them may have misled the jury to the injury of the plaintiff in error, would control the consideration of the court, unless it should affirmatively appear that no injury was suffered.

The statute of 1894 was not designed to provide for the review of a case as upon a bill of exceptions, but to provide for the correction of that which, within defined limits, shall clearly appear to do wrong and injury. As has been in substance stated, the injury correctible under the statute is that which is visible, clear and certain, and not that which is merely possible.

Taking this view of the matter discussed, it is not necessary in this case to inquire whether the evidence upon which the opinions of the experts were based was conflicting or susceptible of more than one interpretation, or free from all conflict, doubt or ambiguity. The first of these conditions of the evidence is met by the assumption that the jurors were not

*32 Vroom.* Clark v. Elizabeth.

misled to the injury of the plaintiff in error, and under the latter the questions are free from objection. 8 *Encycl. Pl. & Pr.* 764.

After a careful consideration of the other assignments of .error and the whole record, we conclude that no injurious error appears and that judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, COLLINS, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH. 13.

*For reversal*—None.